### Texas & Pacific Railway Company v. Perry Klepper.

#### Decided June 14, 1902.

**1.—Carriers—Freight Charges—Refusal to Deliver—Damages—Mistake.**

Where lumber intended for plaintiff at Baird, Texas, was shipped to "Beard," Texas, through mistake of plaintiff's agent at the initial point in signing a shipping bill ordering it consigned to plaintiff at such latter point, and from there it was sent to plaintiff and Baird, which was on defendant company's line, defendant was entitled to hold the lumber for payment of the increased freight charges covering the entire route over which the lumber was so transported, and was not liable in damages for refusal to deliver to plaintiff upon his tender of what would have been the proper amount of freight charges but for such mistake.

**2.—Same—Sale for Freight Charges.**

Where the freight charges which defendant had the right to collect exceeded the value of the lumber, it was not, it seems, liable to plaintiff for such value because it had sold the lumber for less than the amount of such charges at private sale, instead of a public sale as directed by the statute.

Appeal from the County Court of Callahan. Tried below before Hon. B. L. Russell.

*F. S. Bell,* for appellant.

*Otis Bowyer,* for appellee.

HUNTER, Associate Justice.—Plaintiff alleged the value of his carload of lumber sold by the defendant to be $242.86, and claimed $600 vindictive damages for refusal to deliver it to him upon frequent demands made and tender of $127.50, the regular freight charge for transporting it from Booneville, Ark., to Baird, Texas, by direct route. The lumber, however, was delivered to the Choctaw, Oklahoma & Gulf Railroad Company at Booneville July 17, 1900, by S. W. Williams for appellee, and a shipping bill, signed by Williams at the time, showed that he ordered the lumber consigned to "Perry Klepper, Beard, Texas," though he testified that he directed it shipped to "Baird, Texas," and told the agent that Baird was 160 miles west of Fort Worth. It was

routed to Beard, Austin County, Texas, which was a siding or blind station on the Cane Belt Railroad with no agent, and when the lumber was traced up by the agent at Baird and was sent to Baird, the freight charges were $265, which appellee refused to pay, tendering the sum of $127.50 and demanding his lumber. The agent refused to deliver it to him unless he paid the $265, and after holding it for six weeks sold it at private sale for $123.37, and appellee sued to recover the value thereof and for vindictive damages as aforesaid.

On the trial the defendant company requested the following charge which was refused: "If you believe from the evidence herein that the lumber in question was shipped from Booneville, Ark., by S. W. Williams for the plaintiff, then you are charged that said Williams was plaintiff's agent, and should you further believe from the evidence herein that said Williams directed the shipment to Beard instead of Baird, Texas, and that said lumber was so shipped in accordance therewith, and that thereafter said lumber was then from Sealy, Texas, shipped to Baird, Texas, for plaintiff, partly over defendant's line of road, you are charged that defendant had the right to hold said lumber for the freight charges thereon and plaintiff can not recover."

The court had instructed the jury, in effect, that if the sale had been made privately and not according to the statute (1 Sayles' Civil Statutes, arts. 327, 328), then to find for plaintiff the value of his lumber, and also if the refusal to deliver was wanton and willful, etc., to find vindictive damages.

We think the special charge requested should have been given, because if Williams directed the shipment to be made to Beard and the freight charges of $265 were regular and correct, then they were greater than the value of plaintiff's lumber, and he could have no interest in nor right to recover any amount over and above the freight charges, and in that case it was proper to tell the jury to find for defendant.

For the refusal to give this charge the judgment is reversed and the cause remanded.

*Reversed and remanded.*