**Dennis Ray ROTH, Appellant,**

v.

**Joe BRILLHART, Appellee.**

No. 8448.

Court of Civil Appeals of Texas, Amarillo.

June 28, 1974.

58

Underwood, Wilson, Sutton, Berry, Stein & Johnson, R. A. Wilson, Amarillo, for appellant.

Allen & Gaines, L. Bruce Roberson, Perryton, for appellee.

ELLIS, Chief Justice.

In this appeal of a venue case arising from a collision which occurred in Ochiltree County, Texas, between a motor vehicle driven by the defendant and a horse owned by the plaintiff, the defendant-ap-

pellant challenges the judgment of the trial court in overruling his plea of privilege to be tried in Lipscomb County, Texas, the county of his residence. Reversed and rendered.

Suit was instituted by Joe Brillhart, plaintiff-appellee, against Dennis Ray Roth, defendant-appellant, for damages resulting from the collision between the vehicle driven by Roth and the plaintiff's horse. The plaintiff's original petition alleges that the collision, resulting in the death of the horse, was proximately caused by one or more of the enumerated alleged acts or omissions of negligence by defendant. The defendant filed a plea of privilege to be sued in Lipscomb County, Texas, the county of his residence, and the plaintiff filed a timely controverting plea, incorporating his original petition, seeking to maintain venue in the county in which suit was brought under subsection 9a of Article 1995, Vernon's Ann.Civ.St. The trial court, upon a hearing, overruled defendant's plea and the defendant has perfected this appeal from the proceeding.

In order to sustain venue under subsection 9a, the plaintiff is required to establish by a preponderance of the evidence the following facts: (1) that an act or omission of negligence occurred in the county where suit was filed; (2) that such act or omission was that of defendant in person or that of his servant, agent or representative acting within the scope of his authority; and (3) that such negligence was a proximate cause of plaintiff's injuries. 1 McDonald, Texas Civil Practice § 4.17.2; General Motors Corporation v. Brady, 477 S.W.2d 385 (Tex.Civ.App.—Tyler 1972, no writ). The order overruling the plea of privilege implies findings that the plaintiff has established by evidence the required venue facts. Allen M. Campbell, Gen. Contractors, Inc. v. McDonald, 347 S.W.2d 781 (Tex.Civ.App.—Beaumont 1961, no writ). The appellant attacks the implied findings by seven points of error. Summarized, the contentions are that there is no competent evidence to sustain such im-

plied findings or, in the alternative, that such implied findings are so against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

The testimony of the defendant, who was called as an adverse witness by the plaintiff, was the only evidence introduced at the venue hearing. Such testimony establishes that a collision occurred in Ochiltree County, Texas, seven miles east of the City of Perryton on the highway leading to Booker, Texas. At the time and place of the collision, the road was, although unmarked, two laned and approximately 14 feet wide, straight, level, and dry. The collision occurred at approximately 10:50 p. m. while defendant was driving his 1968 model ½ ton pickup from Perryton to Booker. The vehicle was equipped with factory drum brakes on all four wheels in good operating condition, and lights which were operating properly. Defendant testified that he was 26 years old, had been driving for 13 years, and was employed as an automobile mechanic in Booker, Texas.

Defendant further testified that just prior to the collision he was driving at a speed of approximately 55 miles per hour in an easterly direction and looking down the road in front of his vehicle when he overtook an automobile traveling easterly at a speed of about 50 miles per hour. He passed the automobile by moving his vehicle from the right hand lane to the left hand lane and traveled in that lane until such time that he considered that he was far enough ahead of the passed vehicle to safely return to the right hand lane. He ascertained a safe time to return by looking into his rearview mirror, and as he returned his view to the roadway in front of his vehicle, he saw two horses slowly walking in single file across his path in a southerly direction. Immediately upon observing the horses, he applied his brakes, leaving skid marks of undetermined length but he was unable to stop his vehicle before colliding with the lead horse as it approached the right hand edge of the highway. The horse collided with the left

**60**

front fender of the pickup and was knocked to the southern shoulder of the road. The horse subsequently came to rest in the ditch along the southern edge of the roadway. The defendant further testified that at the time he first saw the horses, they were 60 to 80 feet in front of his vehicle, at which time his field of vision with his lights on dim was estimated to be between 150 and 300 feet, and that it would take him 150 feet to bring his vehicle to a stop from 55 miles per hour. He did not know how long it took him to pass the vehicle or how long his view was concentrated upon ascertaining a safe time to return to his lane of traffic.

Although the plaintiff's original petition contains allegations of acts or omissions constituting negligence pertaining to right of way, application of brakes, speed and lookout, the emphasis, as demonstrated by the evidence and appellee's contentions in this appeal, is focused upon the defendant's alleged failure to keep a proper lookout and that such failure was a proximate cause of the plaintiff's injuries. We shall therefore consider the evidentiary support for such implied findings of the trial court with respect to the lookout issue, as well as the other alleged acts of negligence and proximate cause.

■ It is recognized that the defendant Roth, the only witness who testified at the venue hearing, was an interested witness and that his testimony was not binding upon the court. However, the court's failure to accept Roth's testimony does not operate to convert it into evidence against him or to the opposite effect; and when liability is to be determined, there must be other evidence or circumstances to support the conclusion that a situation opposite to that depicted by witness actually existed. Texas & N. O. Ry. Co. v. Grace, 144 Tex. 71, 188 S.W.2d 378 (1945); R. T. Herrin Petro. Transport Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422 (1960).

■ Proper lookout means such a lookout as a person of ordinary care would have kept under the same or similar circumstances. Blunt v. H. C. Berning, Inc., 211 S.W.2d 773 (Tex.Civ.App.—Dallas 1948, writ ref'd). The defendant testified that he was keeping a lookout in front of his vehicle except for the time he glanced into the rearview mirror to ascertain that he could safely return to his lane of traffic in front of the vehicle he had overtaken. A statutory duty [1] is imposed upon one overtaking another in the left lane, to ascertain a safe distance in front of the overtaken auto before returning to the right hand lane of traffic. The only testimony is that he had maintained a forward lookout prior to glancing into the rearview mirror and immediately thereafter. The defendant's diverted view of the roadway in front of his vehicle in compliance with a statutory duty could not be termed improper lookout. On the contrary, in our opinion, a proper lookout would encompass the diversion necessary to permit his checking of his rearview mirror, under the circumstances then and there existing, for those are the circumstances under which a person of ordinary care would be tested. There is no evidence of the length of time the defendant spent looking in the mirror or as to the time it took for him to overtake the auto. It is immaterial that defendant could have averted the collision if he had kept a continuous lookout to the front of his vehicle, as he testified, since in this instance such is not the entire test for proper lookout. Also, the fact that defendant was aware that livestock is frequently on the roadway does not alter the duty imposed upon him. The danger from the vehicle being overtaken was known and real. Any danger from animals on the roadway was a mere possibility. Opting to insure his safety from the known danger was the only prudent alternative available.

■ If Roth's testimony is accepted as true, the conclusion is justified that he was

1. Article 6701d, V.T.C.S. § 54.

keeping a proper lookout as required by law, and the court's implied findings that he did not keep a proper lookout cannot be sustained on any theory importing the opposite of his statements. By looking to the circumstances, outside of his testimony, we find the remaining circumstance was that his vehicle struck the horse, and from that alone the inference cannot be drawn that he kept an improper lookout. Therefore, it would appear from the evidence introduced that, under the circumstances, the defendant did not fail to keep a proper lookout, for the mere fact that the collision happened, standing alone, is not evidence of either negligence or proximate cause. Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195 (1937); Thoreson v. Thompson (Tex.1968), 431 S.W.2d 341; Calhoun v. Padgett, 409 S.W.2d 890 (Tex. Civ.App.—Tyler 1966, no writ).

■ Further, the evidence does not appear to justify a conclusion of negligence on Roth's part regarding speed or application of brakes. There was no showing of any hazard indicating that the 55 mile per hour speed was improper, and the evidence indicates that Roth applied his brakes immediately upon discovery of the horses and that he was unable to avoid the front horse. Additionally, in order to sustain the implied findings of proximate cause requires the presence of both cause in fact, a cause producing an event without which the event would not have occurred, and foreseeability. See Casey v. Standish, 492 S.W.2d 629 (Tex.Civ.App.—Amarillo 1973, no writ). With regard to the matter of lookout, proximate cause has not been shown to exist by direct or circumstantial evidence supporting a conclusion that the collision could have been avoided at the moment Roth could or should have seen the horses on the occasion in question. Likewise, only the awareness of the presence of the horses would impose the duty to apply the brakes.

■ Accordingly, we find that the implied findings of the trial court regarding the alleged acts of negligence, or that such acts constituted proximate cause of the plaintiff's injury, are without adequate support in the evidence. By disregarding all adverse evidence, including all of Roth's testimony which is unfavorable to such findings, and giving credit to all evidence inferences favorable to the implied findings, we find no remaining evidence of probative force upon which the implied findings of negligence and proximate cause can be founded regarding lookout, speed or application of brakes. See Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114 (1950). Even if it were determined that there is some evidence of probative force to support the implied findings of the trial court, and by giving consideration to all of the evidence, both favorable and unfavorable to the implied findings, including Roth's uncontradicted testimony, as required, In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), from a review of the record, it is our opinion that such implied findings of negligence and proximate cause with respect to the matters of lookout, speed and application of brakes are so contrary to the great weight and preponderance of the evidence as to be clearly wrong. Further, there is no contention that the essential facts in this venue hearing have not been fully developed.

Our disposition of the appellant's contentions regarding the lack of evidentiary support for the implied findings on the matters of negligence and proximate cause pretermits our passing upon appellant's remaining points which relate to the matter of proof of the plaintiff's ownership of the horse in question and the alleged consequent injury as a result of the collision.

■ For the reasons above stated, we hold that the plaintiff has failed to sustain his burden of proving the essential venue facts as required by subsection 9a of Article 1995. Accordingly, the trial court's order overruling the defendant's plea of privilege is reversed and rendered, and the cause is ordered transferred to the district court of Lipscomb County, the county of the defendant's residence.