The ATCHISON, TOPEKA AND SANTA FE RAILWAY CO., et al., Appellants,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION et al., Appellees.

No. 16550.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 4, 1975.

Rehearing Denied Dec. 31, 1975.

McKay & Wash, John J. McKay, Austin, for appellants.

Butler, Binion, Rice, Cook & Knapp, Tom M. Davis, Jr., Houston, for appellee Employers Cas. Co.

Fulbright & Jaworski, Royce R. Till, Houston, for appellee, Texas Employers Ins. Co.

PEDEN, Justice

This is an appeal from an order sustaining the pleas of privilege of third-party defendants Texas Employers' Insurance Association (T.E.I.A.) and Employers' Casualty Company (Employers) after a non-jury hearing.

Appellants, Santa Fe Railway and two of its employees, hereinafter referred to as Santa Fe, rely only on Subdivision 4 of Article 1995, Vernon's Texas Civil Statutes, to hold venue in Washington County on their third-party complaint. Subdivision 4 provides that if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides.

Santa Fe urges two points of error, the first of which is:

"As against Texas Employers' Insurance Association the pleadings and evidence present a cause of action in behalf of appellant against resident defendants, and a joint cause of action against T.E. I.A. or one so closely connected with it, that the causes of action should be joined, and venue held in Washington County against T.E.I.A. under subdiv. 4, Art. 1995, and the trial court erred in failing to so rule."

Santa Fe's second point is identical with its first except that Employers is substituted for T.E.I.A. We affirm.

On December 12, 1970, a car owned by Robert Lange, Inc. (Lange, Inc.) collided with a Santa Fe train at a crossing in Somerville, Texas. Robert Lange, president of the company and driver of the automobile, was killed in the accident and Michael Lee Cavender, a passenger, was injured. At the time of this appeal three lawsuits have resulted from the accident:

1. Cavender brought a personal injury suit against Lange, Inc., in the District

Court of Washington County, Texas. Mr. Jack Hebdon, retained by Employers to defend its insured, Lange, Inc., also filed a third-party action for Lange, Inc., against Santa Fe for indemnity and contribution. Cavender settled with Lange, Inc., and Lange, Inc., took a non-suit as to Santa Fe.

2. Cavender sued Santa Fe in federal court for his personal injuries, and Santa Fe filed a third-party action against Lange, Inc., for indemnity and contribution. Neither Robert Lange's widow, Mrs. Lillie Lange, nor the estate of Robert Lange was ever made a party in the suit in federal court. Santa Fe settled with Cavender and dismissed its third-party complaint against Lange, Inc.

3. Mrs. Lange, individually and as personal representative of the estate of Robert Lange, deceased, filed suit in state district court in Washington County against Santa Fe and two of its employees, B. H. Woods and L. N. Heffington, for the wrongful death of Robert Lange. Santa Fe brought a third-party action, which resulted in this appeal, against Lange, Inc., T.E.I.A. and Employers and filed a counterclaim against Mrs. Lange and the estate of Robert Lange, deceased. Santa Fe alleges that as part of the consideration for settlement of the federal suit, Mr. Hebdon was to furnish releases from Mrs. Lange, Robert Lange estate, Lange, Inc., T.E.I.A. (Lange, Incorporated's compensation carrier), and Employers, but that he failed to do so.

Santa Fe's brief summarizes its third-party action thus:

"A. That by virtue of their wrongful actions and the representations of their attorney-agent in connection with settlement of the federal court case, T.E.I.A. and Employers and Lange, Inc. are estopped to assert any claims against Santa Fe through plaintiff or otherwise, and that plaintiff is likewise so estopped.

"B. That if plaintiff and the Lange estate are not estopped to assert any portion of their claims against Santa Fe, then T.E.I.A. and Employers, by virtue of their wrongful conduct, are bound to hold Santa Fe harmless from the plaintiff's claims.

"C. That if Santa Fe is not entitled to protection as in A, above, then, as against plaintiff and T.E.I.A., it is entitled to judgment that the first $16,046.00 of the plaintiff's claim for her husband's death is owned by T.E.I.A. (workmen's compensation death benefits as to which it is subrogated), and T.E.I.A. is bound by estoppel and waiver from asserting any claim to said sum, and it is recoverable by either plaintiff or T.E.I.A.

"In this regard, and by the same principles of estoppel and waiver, Employers is the subrogated owner of the sum of $12,581.55 it paid Mrs. Lange, and of the sum of $3,330.00 it paid Lange, Inc., and Santa Fe is entitled to judgment that as to these sums neither plaintiff nor Lange, Inc. nor Employers can recover these amounts against Santa Fe.

"D. Further, if Santa Fe is not entitled to protection as in A, above, then Santa Fe is entitled to judgment against the Lange estate and Lange, Inc. for indemnity (alternatively, for contribution) on account of the tort liability resulting from the negligence of the defendant, Mr. Lange (driver) in bringing about the injuries to Cavender, whereby Santa Fe paid out $35,000.00 directly to Cavender, and about $7,000.00 in expenses in defending itself against the Cavender claims."

T.E.I.A. and Employers filed pleas of privilege to be sued in Dallas County and Santa Fe filed controverting affidavits. A single non-jury hearing was had on both pleas of privilege. Neither findings of fact nor conclusions of law were made by the trial court and apparently none were requested, so we should affirm the order of the trial court if it can be done on any reasonable theory supported by the evidence and authorized by law. *Farris v. Kohlmeyer & Co.*, 476 S.W.2d 432 (Tex.Civ. App.1971, no writ).

Appellants argue only the applicability of Subdivision 4 of Art. 1995, V.T.C.S. Its necessary venue facts are: 1) one defendant resides in the county of suit (this fact must be established by affirmative evidence); 2) the party asserting his privilege is at least a proper party to the claim against the resident defendant (this may be established by reference to the controverting affidavit and the petition to show the nature of the suit); 3) the plaintiff has a bona fide claim against the resident defendant (he must plead and prove by a preponderance of the evidence each element of this bona fide claim; it must be the same claim asserted in the controverting affidavit). 1 McDonald, Texas Civil Practice, 439–444, Venue, Sec. 4.10.2 (1965).

It is uncontroverted that third-party defendant Lange, Inc., is a resident of Washington County for venue purposes and that T.E.I.A. and Employers are both residents of Dallas County. Lange, Inc., does not have any pending claim against Santa Fe. We find no basis for asserting the defense of estoppel against Lange, Inc.

We hold that the evidence supports a finding, which we presume in support of the trial judge's order, that the only cause of action Santa Fe proved by a preponderance of the evidence against any of the third-party resident defendants or cross-defendants was that based on Robert Lange's having negligently caused the accident and not those based on the negotiations to settle the suit in federal court. We look to Santa Fe's third-party petition and counterclaim to determine whether it alleged a joint claim against the parties or at least a cause of action against the non-resident third-party defendants so intimately connected with the negligence claim against the resident third-party defendant that it requires the claims to be tried together to avoid a multiplicity of suits. *Stockyards National Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (1936); 1 McDonald, supra, § 4.10.2.

Clearly, the negligence claim against Mrs. Lange and Lange, Inc., on the one hand, and the claims against T.E.I.A. and Employers (based on settlement negotiations), on the other, are not joint claims, and we hold that the trial court did not err in presumably concluding that they should not be joined under the rules intended to avoid a multiplicity of suits.

Affirmed.