**SAFECO INSURANCE COMPANY, Appellant,**

v.

**Stephen GIPSON and Wife, Evelyn Gipson, Appellees.**

No. 8853.

Court of Civil Appeals of Texas, Texarkana.

June 23, 1981.

Rehearing Denied July 28, 1981.

Victor Hlavinka, Brad Poulos, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Sherman Kusin, Harkness, Friedman, Kusin & Britt, Lynn Cooksey, Texarkana, for appellees.

HUTCHINSON, Justice.

This is a venue case. Appellant, Safeco Insurance Company, appeals from the order of the trial court overruling its plea of privilege.

Appellees, Stephen and Evelyn Gipson, instituted this suit against Debra Lynn Phillips and the Four Square Gospel Church in July of 1978 seeking damages for the

death of their minor child alleged to have been proximately caused by the negligence of Ms. Phillips while operating a church owned van in Miller County, Arkansas. On July 27, 1978, Ms. Phillips' oral deposition was taken by appellees' attorney with appellant's attorney being present as the attorney representing Ms. Phillips and the church. At this time Ms. Phillips testified that she was a resident of Bowie County, Texas.

Thereafter, appellees by motion secured the entry of an order for the trial court to take judicial notice of Article 66–3240, Arkansas Statutes Annotated,[1] and dismissed the Four Square Gospel Church as a defendant and on September 10, 1979, made the appellant a party defendant in its stead. Appellant, represented by the same attorney that had been representing both Ms. Phillips and the church, then filed its plea of privilege. Appellees in their controverting plea relied upon Subdivision 4 of Article 1995, Tex.Rev.Civ.Stat.Ann.

At the hearing on the plea of privilege, all the evidence concerning the residence of Ms. Phillips and appellees' cause of action against her was presented, without objection, by the introduction of the deposition testimony of Ms. Phillips taken on July 27, 1978.

■ In order to maintain venue under Subdivision 4 of Article 1995 where there are resident and non-resident defendants, it is not necessary for the plaintiff to prove the cause of action against the non-resident defendant. His right to maintain venue where the suit is filed is shown by alleging a joint cause of action against the defendants, or a cause of action against a resident defendant so intimately connected with the cause of action alleged against the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits; and by proving that the resident defendant in fact resides in the county; and by proving that the plaintiff does in fact have a cause of action against the resident defendant. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936); *Pittsburgh Plate Glass Company v. Bragg*, 383 S.W.2d 623 (Tex. Civ.App.—Dallas 1964, writ dism'd). No findings of fact and conclusions of law were requested or filed. Thus, in seeking to determine whether there is evidence to support the judgment, it is proper to consider only that evidence most favorable to the judgment and to disregard entirely that which is opposed to it. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1951).

■ Appellant by its first point of error asserts that since the only evidence introduced by appellees to prove the residence in Bowie County of Ms. Phillips, and the cause of action against her, was hearsay as her deposition testimony was taken on July 27, 1978, over a year before appellant was made a party to the suit. In support of this assertion, appellant cites the cases of *Academy Welding v. Carnes*, 535 S.W.2d 917 (Tex.Civ.App.—Corpus Christi 1976, no writ), and *Heldt Bros. Trucks v. Silva*, 464 S.W.2d 931 (Tex.Civ.App.—Corpus Christi 1971, no writ). In each of these cases the plaintiff sought to use his own deposition against a defendant that was a total stran-

---

1. "66–3240. Liability insurer may be sued direct where insured not subject to suit for tort— When liability insurance is carried by any cooperative nonprofit corporation, association or organization or by any municipality, agency or subdivision of a municipality or of the State or by any improvement district, school district, or by any other organization or association of any kind or character, not subject to suit for tort, and any person, firm or corporation suffers injury or damage to person or property on account of the negligence or wrongful conduct of any such organization, association, municipality or subdivision, its servants, agents or employees acting within the scope of their employment or agency, then such person, firm or corporation so injured or damaged shall have a direct cause of action against the insurer with which such liability insurance is carried to the extent of the amount or amounts provided for in the insurance policy as would ordinarily be paid under the terms of the policy, and such insurer shall be directly liable to such injured person, firm or corporation for such damages to the extent of such coverage in such liability insurance policy, and the plaintiff or plaintiffs may proceed directly against the insurer regardless of the fact that the actual tortfeasor may not be sued under the laws of the state."

ger to the case at the time the deposition was taken. In the present case, appellant was not a stranger to the lawsuit. It was the liability insurance carrier for Four Square Gospel Church and its attorney was present at the taking of the deposition of Ms. Phillips, and had the opportunity to examine her at that time. As noted in the *Heldt* case, supra, the purpose of the rule forbidding the admission of a deposition taken while one is not a party to the suit is to protect the unjoined party's right to cross-examine the witness. Here appellant's attorney had the opportunity to question Ms. Phillips. Too, there was a contractual relationship between appellant and the Four Square Gospel Church at the time the deposition was taken which prevented appellant from being a stranger to the suit prior to being named as a party to the suit. Such a relationship does not appear to have been present in *Heldt*, supra, or *Academy Welding*, supra. Appellant's first point of error is overruled.

■ Appellant next contends that there is no evidence to support a finding that Ms. Phillips was a resident of Bowie County at the time it was made a party to the suit in September of 1979, pointing out that the evidence only shows her residence as of July 27, 1978, the date her deposition was taken. In support appellant cites the case of *Chesbrough v. State*, 465 S.W.2d 224 (Tex.Civ. App.—San Antonio 1971, no writ). There the original petition was filed in July of 1965 in Bexar County against Mrs. Pirtle, a resident of that county. Chesbrough a resident of Harris County, was brought into the suit in March of 1969, at which time, according to the allegation of the amended petition, Mrs. Pirtle was then also a resident of Harris County. On appeal it was held that the plea should have been sustained and the case against the Chesbroughs transferred to Harris County. In that case, the amended pleading did not support venue under Subdivision 4 of Article 1995. In the instant case, the pleadings, although twice amended, continued to allege Ms. Phillips' residence to be in Bowie County and there is no indication in the record, by pleadings or proof, that she was

not a resident of Bowie County. Also, it has been held that once a residence is shown by evidence a presumption arises that such residence continues for a reasonable time in the absence of evidence to the contrary. *Mayhew v. McFarland*, 137 Tex. 391, 153 S.W.2d 428 (1941); *Miller v. Miller*, 575 S.W.2d 594 (Tex.Civ.App.—El Paso 1979, no writ).

■■ By its third point of error, appellant asserts that there is no evidence to support the venue fact of a cause of action against Ms. Phillips in that appellees presented no evidence of negligence on the part of Ms. Phillips and no evidence as to proximate cause. It is true that appellees had the burden of proving all the elements of a bona fide claim against Ms. Phillips by a preponderance of the evidence. *Atchison, T. & S. F. Ry. v. Texas Emp. Ins.*, 531 S.W.2d 867 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); 1 McDonald's, Texas Civil Practice § 4.10.2 (1981). Appellant correctly notes that the mere fact that an accident occurred is not evidence of negligence, *Thoreson v. Thompson*, 431 S.W.2d 341 (Tex.1968); *Roth v. Brillhart*, 512 S.W.2d 57 (Tex.Civ.App.—Amarillo 1974, no writ), and that a vital fact cannot be proved by piling one inference upon another inference, *Schlumberger Well Surveying Corporation v. Nortex Oil & Gas Corporation*, 435 S.W.2d 854 (Tex.1968); *Roberson v. Factor*, 583 S.W.2d 818 (Tex.Civ.App.—Dallas 1979, writ ref'd n. r. e.). However, it is also a well established rule that upon an appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment. *James v. Drye*, 320 S.W.2d 319 (Tex. 1959); *Texas State Bank v. Elliott*, 533 S.W.2d 404 (Tex.Civ.App.—Beaumont 1976, no writ). From a review of the record we are of the opinion that appellees' evidence was sufficient to present an issue of both negligence and proximate cause. It was shown that Ms. Phillips was using the church van to pick up people for church, that she was aware of children playing in the area near where the accident occurred, that she noticed a log lying in the roadway

as she drove into the parking lot and thought that this log was what she had run over. The fact that she did not run over the log, but a child instead, is evidence that she was not keeping a proper lookout and such evidence supports the trial court's finding.

■ Appellant next maintains that the trial court should have granted its plea of privilege because appellees' pleadings failed to assert a cause of action against it. We do not agree. As previously noted, the trial court took judicial knowledge of the law of the State of Arkansas permitting the appellant, as an insurer, to be sued directly. The pleadings on file at the time of the hearing alleged the status of appellant as an insurer and as an insurer a cause of action against it was asserted.

The order of the trial court is affirmed.

BLEIL, J., not participating.