## S. DALSHEIMER & CO. v. E. MORRIS ET AL.

### No. 656.

1. **Deposition of Party to Suit Inadmissible, When.**—In suit number 1249, plaintiffs sued M. and husband in attachment, and propounded interrogatories to M., and her answers were taken without notice. In suit number 1250, D. & Co. sued M. and husband, in attachment, and subsequently filed an amendment, making plaintiffs in number 1249 defendants, and alleging collusion and fraud in the suing out of their attachment. *Held*, the deposition of M. in suit number 1249 was not admissible in evidence, plaintiffs in 1249 having been made defendants in 1250 after the deposition was taken.

2. **Note of Married Woman—Merchant—Community Debt—Fraudulent Attachment.**—M., a married woman, conducted a mercantile business in her own name, which was managed by her husband and son. Notes were executed by her alone. In a suit by attachment against her and her husband upon them, *Held*, the debt was a community debt, the goods attached community property, and the fact that she permitted judgment by default against her on the notes and foreclosing the attachment, did not justify submission to a jury of the question whether the notes sued on represented a real or fictitious debt, or whether the writ of attachment was fraudulently obtained.

APPEAL from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Greer & Greer*, for appellants.—1. The court erred in refusing to allow plaintiffs to read in evidence the depositions of Mrs. E. Morris, one of the defendants in this suit, taken herein before R. M. Mothner & Co. were made defendants hereto, in that there being allegations in plaintiffs' petition to the effect that the defendants, E. and M. Morris,

colluded and conspired with R. M. Mothner & Co. to procure the writ of attachment in cause number 1249, R. M. Mothner & Co. v. E. and M. Morris, and said deposition showing the notes in said suit were executed only by a married woman for a personal loan of money to her, as well as other facts tending to prove such allegations of collusion and fraud, any testimony relating thereto was admissible, whether Mothner & Co. had notice of the taking of said depositions or not; and in that the same being in the nature of a bill of discovery to disclose conspiracy, collusion, and fraud, notice of the taking of such deposition would tend to defeat the discovery. Rev. Stats., arts. 2239, 2240; Love v. Keowne, 58 Texas, 197; McGown v. Randolph, 26 Texas, 496.

2. It is reversible error for the court to withdraw the case from the jury and instruct a particular finding, if there be any evidence, however slight, under the issues made by the pleadings. Clothing Co. v. Page, 1 Texas Civ. App., 637; Johnson v. Heidenheimer, 65 Texas, 266; Nenny & White v. Schluter, 62 Texas, 329; Bateman v. Ramsey, 74 Texas, 589; Shoe Co. v. Harris, 82 Texas, 274; Rev. Stats., art. 1317; McGown v. Railway, 85 Texas, 289; Eason v. Eason, 61 Texas, 225; Supreme Council, etc., v. Anderson, 61 Texas, 301; Rogers v. Broadnax, 24 Texas, 542.

3. The notes of a married woman are void in law, and can not form the basis of an attachment suit against the community estate of the husband and wife; and the court erred in refusing to give the special charges to that effect. Rev. Stats., art. 1205; Matlock v. Glover, 63 Texas, 236; Wallace v. Finberg, 46 Texas, 44; Gossard v. Lea, 3 Texas Civ. App., 3.

*J. F. Lanier*, *W. L. Douglass*, and *D. P. Wheat*, for appellees.—1. Depositions are not admissible in evidence in any case against a party who was not a party to the suit at the time they were taken.

2. There being no testimony showing any fraud or collusion between the appellants and the Morrises, and the undisputed testimony in the case showing that the money loaned by the appellees to the Morrises in order to pay for goods and debts owing for goods, and being the same goods that were attached by the appellees, and the judgment by default between appellees and the firm of E. Morris having established these facts, there was nothing in the absence of fraud or collusion for the court to do save and except to instruct a verdict for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—Prior to the commencement of this litigation, a mercantile business was conducted in the town of Beaumont in the name of E. Morris, who was a married woman, the wife of M. Morris. The business was managed by M. Morris and I. Morris, the latter being the son of M. and E. Morris. On the 20th day of November, 1891, appellees Mothner & Co. brought suit against M. and E. Morris, seeking judgment against both of them, on notes signed

"E. Morris," and sued out a writ of attachment, and caused it to be levied on the stock in trade. On the next day, appellants, Dalsheimer & Co., sued M. Morris and E. Morris on an account for merchandise sold and delivered, alleging them to be partners, doing business under the firm name of E. Morris, and caused an attachment to be levied on the same property on which the writ in favor of Mothner & Co. had been levied.

The goods were sold under orders of the court in both cases, and the proceeds deposited with the clerk. Subsequently, a judgment by default was obtained by Mothner & Co. against Morris and wife, for the amount due on the notes, and foreclosing the attachment lien, but directing that the proceeds of the property attached be retained by the clerk, until the rights, with respect to it, of Mothner & Co. and Dalsheimer & Co. should be determined.

In their suit, Dalsheimer & Co. filed amended pleadings, making Mothner & Co. defendants, and alleging collusion and fraud, in the suing out of their attachment, between them and Morris and wife

The issue thus formed was tried before a jury, and after the evidence was all in the court instructed a verdict for Mothner & Co., and which was accordingly rendered, Dalsheimer & Co. recovering judgment for their debt against M. Morris. From this they appealed.

Before Mothner & Co. were made defendants in the cause, Dalsheimer had propounded interrogatories to Mrs. Morris upon which her answers were taken, without previous notice; and during the trial her answers were offered as evidence against Mothner & Co., and were excluded by the court, on the objection of the latter, based upon the fact that the deposition had been taken before they were parties to the suit, and without notice to them.

The notes of Mothner & Co. were dated respectively, April 20, June 22, and August 15, 1891, and were payable sixty days after their respective dates. There was no evidence that the business or stock of goods belonged to Mrs. Morris in her separate right. There was, as we conclude from the facts, no evidence of any fraud or collusion between Mothner & Co. and Morris and wife. The only evidence relied on by appellants were the facts, that the second note was given before the first was paid, and that the third was given when both the others were still outstanding; that Mrs. Morris was a married woman, and allowed judgment by default to be taken against her; and a conversation between one of appellants' attorneys and M. Morris, which took place after the levies of the attachment, in which Morris expressed resentment towards the agent who had made the affidavit for appellants' attachment, because he was "trying to investigate Mothner & Co.," and "playing detective to find out whether Mothner and Hecht had any money" before the failure; and said that "Levy (the agent) ought not to be poking into my business."

These facts were not in our opinion sufficient to justify any inference that the debt asserted by Mothner & Co. was fictitious, or that there

was collusion between them and the Morrises in suing out the attachment. None of them, nor all of them combined, are inconsistent with the presumption, to be indulged in the absence of evidence to the contrary, that the parties acted fairly and honestly in the creation of the debt and the suing out of the attachment.

*Conclusions of Law.*—1. There was no error in the exclusion of the deposition of Mrs. Morris. There was no issue to be tried between plaintiffs and herself; and it could not be used as evidence against those who were not parties to the suit when it was taken, and who therefore had no notice or opportunity to cross-examine. It was, as to Mothner & Co., ex parte. Had the deposition been read, however, we are of the opinion that it stated no facts which would have changed the attitude of the case.

2. From what has been said upon the evidence, it follows that the court committed no error in informing the jury that there was no evidence of fraud.

3. Upon the face of the record, Mothner & Co. had the prior right to the proceeds of the property attached, as their attachment was first levied. The judgment against Morris and wife established the debt, as against them, and entitled Mothner & Co. to the fruits of their attachment until appellants produced some evidence justifying the submission to the jury of the question whether or not the debt was real or fictitious, or whether or not there was fraud in the obtaining of the writ. The mere fact that Mrs. Morris was a married woman, and was therefore not legally liable upon the note, did not show that no debt existed to support the lien of the attachment. The goods attached were community property, and justly chargeable with community debts. The debt which was charged upon them was contracted during the marriage, and was a community debt, though the wife's name was signed to the note. The facts alleged by plaintiffs themselves show that the husband was responsible for debts contracted in the name of E. Morris in the conduct of the business. Such being the case, and there being no evidence that it was not contracted as had been alleged by Mothner & Co. and adjudged by the court, it was correct to hold Mothner & Co. entitled to the priority.

The judgment is affirmed.

*Affirmed.*

Delivered October 18, 1894.