ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. WOLDERT GRO-
CERY CO. et al.

(Court of Civil Appeals of Texas. Texarkana.
Feb. 22, 1912.)

1. TRIAL (§ 252*)—INSTRUCTIONS—SUPPORT
IN EVIDENCE.

Where, in an action for damages to a
car load of peaches delivered to the defend-
ant for transportation, there was no evidence
of injury resulting from a failure to furnish a
proper car, an instruction that if the defend-
ant failed to furnish a suitable car, or negli-
gently failed to furnish the lumber or other
material necessary for loading and bracing
such car, to find for plaintiff, was erroneously
given.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 596–612; Dec. Dig. § 252.*]

2. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT
OF EVIDENCE.

An instruction in an action for damages to
a car load of peaches delivered to the defend-
ant for transportation, which authorized a
recovery if the defendant "negligently failed
to furnish the lumber or other material neces-
sary for loading and bracing" the car, is not
improper as a charge on the weight of evidence,
as the authorization to find a verdict is not on
a mere failure, but on a negligent failure.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 439–466; Dec. Dig. § 194.*]

3. CARRIERS (§ 121*)—CARRIAGE OF GOODS—
DAMAGES TO FRUIT—IMPROPER LOADING—
DIRECTIONS OF PLAINTIFF.

Where a railroad company to whom peach-
es were delivered for shipment was bound to
load the fruit and furnish regulation material
necessary to properly load it, and the evidence
in an action for the spoiling thereof showed
that they were loaded by agents of the com-
pany in accordance with instructions from the
plaintiff, and that they were loaded in the best
manner possible with the material furnished,
there was no such negligence of the plaintiff
as will preclude a recovery, and an instruction
submitting that the finding should be for the
defendant if the peaches were improperly load-
ed under the direction of the plaintiff, and
would not have been so loaded if such direc-
tions had not been given, was properly refused.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 531–536; Dec. Dig. § 121.*]

4. CARRIERS (§ 135*)—INJURIES TO GOODS IN
SHIPMENT — DAMAGES — DEDUCTION OF
TRANSPORTATION CHARGES.

In an action against a carrier for the val-
ue of peaches spoiled in transportation, tes-
timony as to the amount of the transportation
charges, and that they were unpaid, was im-
properly excluded, though no set-off or a coun-
terclaim was pleaded.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 557–559, 599–604½; Dec. Dig.
§ 135.*]

5. DEPOSITIONS (§ 96*)—ADMISSIBILITY—PER-
SON NOT PARTY AT TAKING.

Where a person became a party to a suit
after a deposition was taken and had no op-
portunity to propound cross-interrogatories,
the deposition may not be introduced against it.

[Ed. Note.—For other cases, see Depositions,
Cent. Dig. § 278; Dec. Dig. § 96.*]

6. CARRIERS (§ 187*)—INJURY TO GOODS—
TAKING CASE FROM JURY.

Where, in an action to charge a carrier
for damage to a shipment of peaches delivered
for shipment, it made a refrigerator transit
company a defendant by a cross-action, and

showed that by its contract with such company
the latter was bound to furnish suitable cars
for perishable shipments, and to load or super-
intend the loading of the same, and there was
evidence that the transit company did load the
peaches in question, the question whether it
was liable to the defendant in case there should
be a finding for the plaintiff was for the jury,
and a peremptory instruction in favor of such
party was improper.

[Ed. Note.—For other cases, see Carriers,
Dec. Dig. § 187.*]

7. CARRIERS (§ 187*) — INJURY TO GOODS —
CONNECTING CARRIERS—TAKING CASE FROM
JURY.

Where, in an action to charge a carrier for
damage to a car load of peaches delivered to it
for shipment, a connecting carrier was made a
defendant by a cross-action, a peremptory in-
struction in its favor was properly given where
the cause was submitted as between the plain-
tiff and the original defendant on the issues
of negligence in failing to furnish a proper car
and in failing to furnish material necessary
to properly load the car furnished.

[Ed. Note.—For other cases, see Carriers,
Dec. Dig. § 187.*]

Appeal from Smith County Court; Jesse F.
Odom, Judge.

Action by the Woldert Grocery Company
and others against the St. Louis Southwest-
ern Railway Company of Texas. The Kansas
City Southern Railway Company, the Missou-
ri Pacific Railway Company, and the Ameri-
can Refrigerator Transit Company were
made parties by cross-action by defendant.
From a judgment for plaintiff, after peremp-
tory instructions for the defendants in the
cross-action, the St. Louis Southwestern Rail-
way Company appeals. Affirmed as to the
Kansas City Southern Railway Company and
the Missouri Pacific Railway Company, and
otherwise reversed and remanded.

E. B. Perkins, Daniel Upthegrove, and
Marsh & McIlwaine, for appellant. Price &
Beaird, for appellees.

WILLSON, C. J. The suit was by the
Woldert Grocery Company against appellant
to recover $480 as the value of a car load
of peaches delivered to appellant at Omaha,
Tex., for transportation to the Stone Prod-
uce Company in Topeka, Kan. The gro-
cery company's contention was that the
peaches were so injured as to become value-
less because of (1) a negligent failure of ap-
pellant to furnish a suitable and properly
equipped car in which to transport them; (2)
a negligent failure to transport them to To-
peka with reasonable dispatch; and (3) neg-
ligence in handling them while they were
being transported. The contentions of ap-
pellant, so far as necessary to state them to
understand the rulings made, were (1) that
the car was a suitable one; (2) that it was
loaded by the grocery company, and that,
if the peaches were injured as claimed, the
injury was due to the grocery company's own
negligence in failing to properly load them;
(3) that the rough handling, if any, of the

peaches was by its connecting carriers, the Kansas City Southern Railway Company and the Missouri Pacific Railway Company; and (4) that by the terms of a contract between it and the American Refrigerator Transit Company the latter was bound to furnish suitable cars for such shipments, and to load or superintend the loading of same. At appellant's instance said railway companies and said transit company were made parties, and appellant sought a recovery over against them in the event the grocery company recovered against it. The court peremptorily instructed the jury to find in favor of said railway companies and the transit company as against appellant's claim of a right to recover over against them. On issues submitted as between the grocery company and appellant the jury found in favor of the former, and assessed its damages at the sum of $480, the full amount sued for.

[1, 2] The trial court instructed the jury to find for the grocery company if they believed appellant "negligently failed to furnish a proper and suitable car, or negligently failed to furnish the lumber or other material necessary for loading and bracing said car," and that because of its failure the peaches were injured. Appellant insists that the testimony did not make an issue as to whether the car was a suitable one or not. The contention seems to be supported by the record. The grocery company in its brief does not refer to, and we have not found in the record, any testimony tending to show the car to have been an unsuitable one. In the absence of such testimony, it was, of course, error to authorize the jury to find against appellant on that ground. Railway Co. v. Wisenor, 66 Tex. 674, 2 S. W. 667; Wood v. Railway Co., 15 Tex. Civ. App. 322, 40 S. W. 24. Appellant insists that the instruction was further erroneous because on the weight of evidence in telling the jury to find for the grocery company if they believed appellant "negligently failed to furnish the lumber or other material necessary for loading and bracing" the car. But it seems to us the instruction is not objectionable on that ground. The jury were not authorized to find for the grocery company for a mere failure to furnish material for loading the car, but only if they found such a failure on the part of appellant to be a negligent one.

[3] Appellant complains of the refusal of the court to give a special charge requested by it as follows: "If you believe from the evidence in this case that the peaches were improperly loaded in the car, and that had they not been so improperly loaded, if you find they were, they would not have been injured in transit, and that the peaches were so loaded by the direction of plaintiff company, and that they would not have been improperly loaded had it not been that plaintiff company directed them to be loaded as they were, it will be your duty to return a verdict for the defendant under the pleadings and evidence in this case." The court did not err in refusing to so instruct the jury. There was testimony tending to show that the peaches were loaded by agents of appellant in accordance with instructions given to them by the grocery company, and testimony tending to show that they may have been so loaded because of the failure of appellant to furnish "regulation material" necessary to properly load them, and that they were loaded in the best manner possible under the circumstances existing at the time. If, as we think is true, it was appellant's duty to properly load the peaches, and it did not so load them, we do not think, when the perishable nature of the shipment is considered, it should be said as a matter of law that in instructing appellant to load them as they were loaded the grocery company was guilty of such negligence as deprived it of a right to recover against appellant.

[4] On the ground that appellant had not pleaded as a set-off or counterclaim the nonpayment by the grocery company of the sum due for transporting the peaches to Topeka, the court refused to permit appellant to prove by the witness Alex Woldert, president of the grocery company, that the freight charges amounted to $181.50, and that the grocery company had not paid same. We think the court erred in excluding the testimony offered. In Railway Co. v. Hoffecker, 123 S. W. 618, the court said the true measure of damages in such a case "could not be arrived at without taking the freight (if unpaid) into consideration," and that, in the absence of pleading setting it up, "proof that the freight was unpaid would have been admissible as fixing the amount of damages." In Railway Co. v. Ball, 80 Tex. 602, 16 S. W. 441, the court said: "The object of the law is to give compensation for the injury, and no more. The carrier is compelled to pay the enhanced value of the property at the place of delivery. The owner, therefore, in recovering this value at the terminal point, receives, in substance and effect, the benefits of the transportation as fully as if the goods had been transported and delivered to him, in which event he would have been bound to pay the cost of transportation. For these reasons, perhaps, in cases like the present, the law gives the carrier the benefit of the freight charges in assessing the damages." And see Railway Co. v. Rines, 37 Tex. Civ. App. 618, 84 S. W. 1093; Carter v. Railway Co., 93 S. W. 681; 5 A. & E. Enc. Law, 373, 381.

[5, 6] The court did not err in refusing to permit the testimony of the witness Garrett, referred to in the first assignment, to be used by appellant as evidence against the American Refrigerator Transit Company. That company was not a party to the suit at the time the deposition of the witness was taken,

and had never had an opportunity to propound cross-interrogatories to him. Dalsheimer v. Morris, 8 Tex. Civ. App. 268, 28 S. W. 240. But we think the court did err when it peremptorily instructed the jury to find in favor of said transit company as against appellant's claim of a right to recover over against it any sum adjudged in favor of the grocery company against appellant. In its cross-action against said transit company appellant alleged, and it appears from the statement of facts, that the transit company agreed it was true, that by the terms of an agreement between appellant and said transit company it was the duty of the latter to load or supervise the loading of such shipments, and there was testimony tending to show that it did load the peaches. If it loaded them improperly, and if as a result thereof appellant became liable to the grocery company for damages thereby suffered, we see no reason why the transit company would not be liable to appellant as claimed.

[7] Having submitted the case as between the grocery company and appellant to the jury solely on an issue as to whether appellant had been negligent in furnishing a proper car in which to transport the peaches, and an issue as to whether appellant had been negligent in failing to furnish material necessary to properly load the car, we think the court did not err in peremptorily instructing the jury to find in favor of the Missouri Pacific Railway Company, as against appellant's claim of a right to recover over against it in the event the grocery company recovered against appellant. A recovery by the grocery company against appellant on either of the issues specified clearly would not have authorized a recovery by appellant over against said Missouri Pacific Railway Company.

The assignments not disposed of by what has been said are overruled.

The judgment is affirmed so far as it is in favor of the Kansas City Southern and Missouri Pacific Railway Companies, and reversed and the cause is remanded for a new trial as between the other parties.