Gene **STANLEY** dba Strauss Insurance Agency, Appellant,

v.

James **SAVAGE** dba Savage Pest & Termite Control, Appellee.

No. 735.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 30, 1972.

Jack Kelso, Corpus Christi, for appellant.

John West, Beeville, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue case. James Savage, d/b/a Savage Pest and Termite Control of Bee County, Texas, filed suit based on fraud in Bee County, Texas, against Gene Stanley, d/b/a Strauss Insurance Agency of Nueces County, Texas (called defendant herein), and against two corporations, Surplus General Agency, Inc. of Dallas County, Texas and All-Star Insurance Corporation of Milwaukee, Wisconsin. Plaintiff sought damages because of the fraudulent issuance of an invalid surplus lines liability insurance policy. Defendant—Stanley, and Surplus General Agency, Inc., filed Pleas of Privilege which plaintiff controverted. The trial court overruled both Pleas of Privilege. Only defendant Stanley perfects his appeal to this Court.

Defendant, in his three points of error, claims the trial court erred in overruling his plea of privilege because (1) there was no evidence to sustain venue in Bee County, Texas; (2) because there was no proof of fraud; and (3) because there was no proof that defendant was a necessary party to the cause of action.

Plaintiff is the owner of a pest control company. He requested the defendant (his insurance agent of four or five years

standing) to issue to him a liability insurance policy covering his business operations. The defendant could not get an appropriate policy from the companies he represented so he contacted Surplus General Agency, Inc., a company licensed to do business in Texas and licensed by the State to underwrite insurance coverage on companies not doing business in Texas. This was known as surplus lines insurance. Surplus General Agency, Inc. obtained coverage with All-Star Insurance Corporation of Milwaukee, Wisconsin, who was not licensed to do business in Texas. Surplus General Agency, Inc. sent the policy to the defendant who "invoiced", "placed his sticker on it", and mailed it to the plaintiff. Plaintiff paid one year's premium in full by three checks made payable to the plaintiff who cashed them. Several months later, plaintiff received notice from All-Star Insurance Corporation that they wanted to separate liability coverage on pest-extermination and tree-spraying operations and to charge the plaintiff accordingly.

The evidence is unclear at this point as to the various communications between plaintiff and the defendants in reference to the re-rating of his policy. There is evidence, however, that defendant notified plaintiff of All-Star Insurance Corporation's desire to re-rate the policy. The correspondence between the parties indicated that an answer was requested from plaintiff "soon to avoid cancellation". Approximately one month later the policy was cancelled. Plaintiff then filed suit alleging that All-Star Insurance Corporation, Surplus General Agency, Inc. and the defendant had defrauded him by providing him with an invalid surplus lines liability insurance policy for which they received his premium payments of two hundred seventy-nine dollars and eighty-two cents ($279.-82); had cancelled the policy; and had refused to return his premium. Punitive damages in the amount of $2,000.00 were sought from each defendant, jointly and severally. The trial court retained venue as to all three parties.

Venue must be established by affirmative evidence and not by implication. Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (1950); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948). A person's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to Article 1995, Vernon's Ann.Civ.St. City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 (1943); Neuhaus v. Daniels, 430 S.W.2d 906 (Tex.Civ.App.—Amarillo 1968, writ dism'd). A person who has been sued, has the right to defend such suit in the county of his residence, except under well-defined exceptions. A. H. Belo Corporation v. Blanton, 133 Tex. 391, 129 S.W.2d 619 (1939); Permian Basin Life Insurance Co. v. Stuart, 357 S.W.2d 615 (Tex.Civ.App.—Houston 1st Dist.1962, writ dism'd). The plaintiff has the burden to allege and prove the facts he relies upon to bring his case within an exception to the general rule. Cowden v. Cowden, 143 Tex. 446, 186 S.W.2d 69 (1945).

Defendant, in order to maintain venue in the county of his residence under subdivisions 3 and 29a, must meet the requirements of those subdivisions. Under subdivision 3, he has to prove that one or all of several defendants resides outside the State of Texas and that he, plaintiff, resides in the county of suit. Then under subdivision 29a, he has to allege and prove that: (1) the venue facts which show that the suit is maintainable where brought against at least one defendant under another subdivision of the statute and (2) that the remaining defendants whom he seeks to hold under Subdivision 29a, are necessary parties to the suit within the meaning of that subdivision. Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758, 764 (1956). The court in *Ladner* stated: "It is our opinion that a plaintiff who relies on Subdivision 29a to maintain venue of a defendant in the county of suit must not only allege the facts which make such de-

fendant a necessary party to the suit within the meaning of that subdivision, but must also prove by independent evidence all of such facts except those which are taken as admitted under the pleadings or which are established as a matter of law by the allegations of the petition." See also Stewart v. Whitworth, 453 S.W.2d 875, 882 (Tex.Civ.App.—Houston 1st Dist. 1970, writ dism'd); Kain v. Northland Insurance Company, 472 S.W.2d 304 (Tex. Civ.App.—Amarillo 1971, n. w. h.); Collins v. Mize, 436 S.W.2d 938 (Tex.Civ.App. —Amarillo 1968); decision reformed and remanded on other grounds 447 S.W.2d 674 (Tex.Sup.1969); Moody Day Company v. Westview National Bank, Waco, 441 S. W.2d 294 (Tex.Civ.App.—Waco 1969, writ dism'd).

At the hearing on the plea of privilege, plaintiff proved by competent evidence that All-Star Insurance Corporation resided without the State (and incidentally was not authorized to do business in Texas) and that the plaintiff was a resident of the county where the suit was filed. Plaintiff thereby met the requirements of Subdivision 3. Since the suit is lawfully maintainable as to one of the defendants and there are two or more defendants, he must also meet the other two requirements of Subdivision 29a. Assuming there was sufficient evidence to prove his cause of action, the third prerequisite is that plaintiff must prove by competent independent evidence that defendant is a necessary party to the suit. The critical issue before this Court is, therefore, whether or not plaintiff proved that defendant is a necessary party, under Subdivision 29a, to the suit.

■ To determine who is a necessary party the Supreme Court suggested that the test to be applied is whether the plaintiff can obtain the *complete* relief sought in his suit without the joinder of such party. Clingingsmith v. Bond, 150 Tex. 419, 241 S.W.2d 616 (1951). A party is a necessary party within the meaning of Subdivision 29a "if the *complete relief* to which plaintiff is entitled under the facts of the case *as against the defendant properly suable in that county* can be obtained *only* in a suit to which both defendants are parties." Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774 (1944). See also Shaw v. Allied Finance Company, 161 Tex. 88, 337 S.W.2d 107 (1960).

■ In our case, the appellee is suing three tortfeasors in fraud for taking his premium payments and then issuing him an invalid policy of insurance. The wrong alleged to be committed is the issuance of the policy. The relief he seeks is the recovery of his money and punitive damages. Plaintiff's suit is against several joint tortfeasors. A joint tortfeasor as such, is not a necessary party. Leonard v. Abbott, 366 S.W.2d 925 (Tex.Sup.1963); McDonald, Texas Civil Practice, Vol. 1, Venue, § 4.36, p. 547 and cases cited thereunder. Though the three defendants operated together in procuring and issuance of the policy in question, the specific appellant-defendant is not a necessary party to the plaintiff's suit against the other defendants. Plaintiff can, on the presentation of competent evidence and ultimately on the findings of the appropriate facts, obtain a complete judgment against the insurer or the surplus lines insurance underwriters. The fact that the appellant-defendant may be a key witness in that trial, or the sole defendant in a severed trial, is not material or relevant to his being a necessary party in the present posture of the case. Appellant's third point of error is sustained.

The judgment of the trial court in overruling defendant's plea of privilege is hereby reversed and the cause is remanded to the trial court with instructions to sever plaintiff's claim against this appellant-defendant and to transfer the cause insofar as it relates to the appellant herein, to the district court of Nueces County, Texas.

Reversed and rendered.