**ACADEMY WELDING, Appellant,**

v.

**Roy W. CARNES, Appellee.**

**No. 1041.**

Court of Civil Appeals of Texas, Corpus Christi.

April 8, 1976.

Zollie Carl Steakley, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellant.

Daniel M. Francis, F. Ben Selman, Jr., Jones, Francis & Youts, Inc., Waco, for appellee.

## OPINION

YOUNG, Justice.

This is a venue case. Roy W. Carnes sued City Utilities Company and the City of Gonzales, Texas, for damages from personal injuries sustained on July 27, 1973. He alleged that while he was working on electrical cables in place on utility poles, he contacted power lines left on the poles in a negligent manner by the defendants; that the defendants' negligence caused his injuries. Thereafter, in his first amended original petition, the plaintiff named Halline Utility Equipment Company and Academy Welding as additional defendants.

Then Academy Welding filed a plea of privilege seeking transfer of the case to Bell County, its county of residence. The plaintiff, in his controverting affidavit, invoked the exceptions of Subdivisions 4 and 29a of Tex.Rev.Civ.Stat.Ann. art. 1995 (1964). The only evidence at the hearing, August 21, 1975, came from a deposition of the plaintiff and a deposition of a hospital records custodian. The trial court overruled the defendant Academy's plea and that defendant appeals.

The appellant attacks the trial court's order overruling the plea of privilege in ten

points of error. The first and second points deal with the trial court's overruling of the appellant's objection to the introduction of the appellant's deposition into evidence at the plea of privilege hearing. The remaining points relate to the sufficiency of the evidence there produced.

We will discuss the deposition problem first. In that regard, the essential facts are these:

1. Appellee filed this suit July 29, 1974, naming only the City of Gonzales and the City Utilities Company as defendants.

2. The deposition of appellee Carnes was taken January 9, 1975; certified March 5, 1975; and filed of record March 14, 1975.

3. The appellant, in an amended petition, was first named as a defendant June 3, 1975; was served June 6, 1975; and answered by plea of privilege June 25, 1975.

4. The plea of privilege hearing was begun and completed August 21, 1975, and the order overruling the plea was signed and entered August 28, 1975.

From the foregoing it is clear that the deposition evidence which was admitted was taken before appellant was made a party to this suit and without notice to the appellant. This was pointed out to the trial court in the appellant's objection which was overruled.

■ The general rule is that depositions are inadmissible in evidence against one not a party to the suit at the time the deposition was taken. *Dalsheimer v. Morris,* 8 Tex.Civ.App. 268, 28 S.W. 240 (1894, no writ); *Allen v. Payne,* 334 S.W.2d 607 (Tex. Civ.App.—Texarkana 1960, writ ref'd n. r. e.). This rule also applies in venue cases. *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931 (Tex.Civ.App.—Corpus Christi 1971, no writ).

Appellee recognizes this general rule, but he contends the appellant has waived the right to complain of the trial court's action in admitting into evidence appellee's deposition. This contention is based upon the tender by appellee's attorney of the deponent for cross-examination and his offer not to resist a continuance, if requested, by the appellant. The tender was obviously for sometime later because the record does not reflect that Mr. Carnes, the deponent, was even present at the plea of privilege hearing. After that tender and offer, the trial judge indicated that he would grant a continuance to the appellant if the appellant were going to take the deposition of Carnes in the "immediate future". The appellant's attorney neither specifically declined nor accepted the tender and offers, but apparently elected to stand on his objection. Even so, the appellee proceeded with the introduction of the questioned deposition evidence.

■ This brings us back to other appropriate general rules. The courts in Texas have consistently held that a person's right to be sued in the county of his residence is a valuable right and should never be denied except upon clear and convincing proof that the alleged cause of action comes within an exception to the venue statute. *City of Mineral Wells v. McDonald,* 141 Tex. 113, 170 S.W.2d 466 (1943); *Stanley v. Savage,* 489 S.W.2d 461 (Tex.Civ.App.— Corpus Christi 1972, no writ). The plaintiff has the burden to allege and prove the facts he relies upon to bring his case within an exception to the general rule. *Cowden v. Cowden,* 143 Tex. 446, 186 S.W.2d 69 (1945); *Stanley v. Savage,* supra; *Socony Mobil Company, Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257 (Tex.Civ.App.— Corpus Christi 1974, no writ).

Because the burden was on appellee to prove the necessary facts to sustain a venue exception, the burden was upon him to attempt to do so by admissible evidence. His attorney could have obviated the objection to the deposition by putting the appellee on the witness stand at the plea of privilege hearing and there could have elicited his testimony about the venue facts of this case. In that instance opportunity for cross-examination would have been afforded the appellant without the necessity of a continuance. And if plaintiff Carnes was

not available to take the stand, the burden was on the appellee to request a continuance, not the appellant, for the purpose of later tendering Carnes for examination by the appellant.

Appellee further argues that the deposition was on file several months after the appellant was made a party to this suit and before the plea of privilege hearing; that appellant, therefore, had ample time to take the deposition of Carnes. The answer to that contention is that if the appellee desired to introduce at a hearing or trial admissible evidence by deposition against the appellant, then the burden was on the appellee, after the appellant was joined as a defendant, to retake the deposition in compliance with Rules 186 through 215c, T.R.C.P. We are not here holding that the right of cross-examination of a deponent can never be waived by a party joined in a suit after the deposition has been taken. We are holding that under the facts of this case the right has not been waived. Appellant's first and second points are sustained.

Because we have held that the deposition of appellee Carnes was inadmissible as evidence at the plea of privilege hearing and because that was the only evidence tendered on the issue of liability, there is no evidence for us to review regarding appellant's remaining points. Therefore appellant's points three through ten are all sustained.

The judgment of the trial court is reversed and judgment here rendered that this case, as to Academy Welding only, be transferred to one of the district courts of Bell County, Texas.

NYE, Chief Justice (dissenting).

I respectfully dissent. This case presents the very narrow question as to whether the appellant waived his right to cross-examine a deposition witness.

This Court, in *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931 (Tex.Civ.App.—Corpus Christi 1971, no writ), held that as a general rule, deposition evidence is inadmissible in evidence against one not a party to the suit at the time the deposition was taken.

While I still agree with such general rule, I believe that such a rule is not absolute and not without exceptions. The *Heldt Bros.* case is not in point. The rationale behind the general rule is based on the supposition that the adverse party (here Academy Welding) must be afforded an opportunity to cross-examine the deposed witness and absence such an opportunity such evidence does not constitute legally admissible evidence or proof of any fact against such party. See *Heldt Bros. Trucks v. Silva,* supra; 20 Tex.Jur.2d, Depositions, § 72, p. 27. See also *Dalsheimer v. Morris,* 28 S.W. 240 (Tex.Civ.App.—1894, no writ); *St. Louis Southwestern Ry. Co. of Texas v. Woldert Grocery Co.,* 144 S.W. 1194 (Tex. Civ.App.—Texarkana 1912, no writ); *Allen v. Payne,* 334 S.W.2d 607 (Tex.Civ.App.— Texarkana 1960, writ ref'd n. r. e.).

In each of the above cases cited by the majority, the offending characteristic of the questioned evidence was the absence of an *opportunity* to cross-examine the witness. As we stated in the *Heldt* case:

"The right to cross-examination of witnesses by a party in a lawsuit is a valuable and substantial right, and it cannot be denied in the instant case but that the circumstances have, in effect, denied that right to appellants in respect to a material matter that has vitally affected them. *They, through no fault of their own,* have not been accorded an opportunity to exercise such right, in accordance with the rules governing cross-examination generally." (Emphasis supplied.)

It is, therefore, the absence of the *opportunity* to cross-examine which causes such evidence to take on the characteristics of hearsay evidence, which absent some exception, is legally inadmissible. It follows that once such opportunity to exercise such right of cross-examination is afforded the complaining party, irregardless of whether the opportunity is exercised, the reasons for excluding such evidence are no longer present. The right to cross-examine any witness may be waived.

The principle, which is usually recognized by modern jurisdictions, does not necessari-

ly require that there be an actual cross-examination, but only that the adverse party have an opportunity to exercise such right. This, of course, must be in accordance with the rules governing the right of cross-examination generally. 4 A.L.R.3d Depositions—Admission in Evidence p. 1079.

The record before us shows that Carnes' deposition was taken on January 9, 1975, and filed of record on March 14, 1975. Academy Welding was named as a defendant on June 3, 1975. Academy was served with process on June 6, 1975, and made its first appearance (by answer) on June 25, 1975. Carnes' deposition was taken prior to the appellant being made a party to this lawsuit.[1] From the time Academy Welding became a party (June 6, 1975) to the time of the plea of privilege hearing (August 21, 1975), a period of approximately 76 days had elapsed within which said deposition had been on file. Academy, therefore, had full opportunity to examine Carnes' deposition in the file and to decide whether they would again depose him upon oral examination as they may have considered necessary or desirable in order to fully protect their interest in the case. There is no evidence that Academy decided that it would be necessary to depose Mr. Carnes.

The plea of privilege hearing began on August 21, 1975, at which time both parties were present, appeared and announced ready to proceed. At the plea of privilege hearing, Carnes' attorney offered into evidence the testimony of plaintiff, Roy W. Carnes, as contained in his deposition. Academy's attorney objected and for his grounds stated the following:

"MR. STEAKLEY: Your Honor, I will object to the introduction of this testimony from the deposition because that deposition was taken at a time before we were made a party to this lawsuit; and, therefore, it is hear say as to us. We did not have the right of cross examination at that deposition.

The record will reflect we were not brought into this lawsuit until sometime in the latter part of June of this year, and that deposition was taken before that time. Therefore, it is clearly hearsay, and is not binding on us and not adissible as to us."

Opposing counsel then stated:

"*If Mr. Steakley would like an opportunity to take the deposition of Mr. Carnes, we will be happy to submit him for his examination. If he would like a continuance of this hearing until he has had time to take a deposition, we have no objections to that.*" (Emphasis supplied.)

There could be no more asked of opposing counsel than that which was here offered. The opportunity to take Carnes' deposition and a continuance for that purpose. The following conversation then took place between the Court and appellant's attorney:

(Questions to appellant's attorney)

"THE COURT: Now, do you want to depose Mr. Carnes?

MR. STEAKLEY: Yes, Your Honor. I will object to them using his testimony at this time. If it becomes necessary for us to later, or if the Court grants a continuance, I am sure we will want to depose Mr. Carnes, or enter some agreement later on.

THE COURT: I will grant a continuance if you are going to take his deposition in the immediate future.

MR. STEAKLEY: As far as I know, there are no plans right now to take his deposition.

THE COURT: Tell the Court whether you are going to or not. If you are not going to take it, I don't think you have much objection. If you are really going to take it, tell the Court and we will proceed on that.

1. In the *Heldt* case, this was not so. "The depositions were not on file when appellants made their appearance in the suit and there is nothing in the record that indicates that appellants knew about them until May 7, 1970, when they were filed in the trial court; therefore, appellants cannot be charged with notice of the outstanding depositions at the time of making their appearance in the case." *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931, at pp. 936–937.

MR. STEAKLEY: Your Honor, I frankly don't know. I haven't had a chance to—

THE COURT: You have got to jump one way or the other, see. If your objection is really that you haven't had a chance to depose the man; fine, I will grant you a continuance. But, I don't want to grant a continuance if you are not going to do it. You are not going to tell the Court that you object to it, then not going to take the deposition?

MR. STEAKLEY: No, I am not. But, my objection, Your Honor, is that we have not had a chance—

THE COURT: Tell me what you are going to do.

MR. STEAKLEY: The problem is maybe, and I don't know, because I just started, looked over the file starting yesterday. It may be that we can later enter some agreement after studying the deposition that we will allow—That we will not raise this objection. But, at this time, we have not entered into that agreement, and it may not be necessary to take a deposition. So, I don't represent to the Court something I don't know at this particular time. I just frankly don't know.

THE COURT: Well, if you have no plans and are not even planning on it, and don't think you will take Mr. Carnes' deposition, of course, we will go on and proceed here this morning; but, we are not going to cut you out; if you are going to do it, fine, we will give you time.

MR. STEAKLEY: Then, for the time being, I would request that we have the time to do it.

THE COURT: You are telling the Court that you are going to take Mr. Carnes' deposition?

MR. STEAKLEY: No, sir; Your Honor.

THE COURT: Then, your objection is overruled."

The majority states that they are not holding that the right of cross-examination of a deponent can never be waived by a party joined in a suit after the deposition has been taken, but that under the facts of this case the right has not been waived. I disagree as to the latter.

The above dialogue between the Court and Academy's attorney clearly demonstrates that the opportunity to cross-examine was offered and refused.

The opportunity given to the appellant to cross-examine the witness by both the opposing attorney and the Court, together with the failure of Academy to exercise such opportunity, plus Academy's inaction for over two months while the Carnes' deposition was on file, clearly shows a basis for waiver by the appellant. The trial court must make that determination when making its ruling at the time the evidence was offered. On appeal, the question then before the appellate court, is whether the trial court abused its discretion in refusing to permit the appellant to cross-examine the witness. This necessarily becomes a law question. In determining whether the trial court abused its discretion, we must view the facts and circumstances surrounding its ruling. The basis for excluding the evidence (deposition) is the lack of an opportunity to cross-examine the adverse party.

Here, the opportunity to cross-examine Carnes was offered by both opposing counsel and by the court. The opportunity was not accepted. Since the opportunity was present, the basis for exclusion was no longer present, therefore, there was no bar to the admissibility of the evidence.

The test for determining the propriety of the trial court's decision (as to whether to admit into evidence the deposition testimony) is whether the trial court abused its discretion in doing so. Considering all the circumstances, I would hold that the trial court did not abuse its discretion in overruling appellant's objection to the introduction of the deposition testimony. I would hold that as a matter of law that the appellant waived the right to cross-examine the witness.