Glennetta SANDERSON, Independent Executrix of the Estate of John Turner Sanderson, Deceased et al., Appellants,

v.

George Shelby SANDERSON, Individually and as Administrator of the Estate of Ivan Glenn Sanderson, Deceased et al., Appellees.

No. 12974.

Court of Civil Appeals of Texas, Austin.

Dec. 5, 1979.

Rehearing Denied Dec. 5, 1979.

William E. Adams, Richard T. Miller, Senterfitt, Adams, Miller & Childress, San Saba, for appellants.

William W. Bell, Brownwood, for appellees.

SHANNON, Justice.

The opinion of this Court handed down on November 14, 1979, is withdrawn, and the following opinion replaces it.

Appellees filed suit in the district court of San Saba County seeking judgment for damages for the wrongful death of Ivan Glenn Sanderson and for the imposition of a constructive trust upon that part of the estate of Glenn that would have passed to appellants by the law of descent and distribution. After trial to a jury, the district court entered judgment imposing the constructive trust. We will reverse the judgment and remand the cause for a new trial.

Glenn Sanderson and John Turner Sanderson were half-brothers. Both men died in San Saba County of gunshot wounds on January 23, 1976. Glenn died intestate and John Turner died testate. The parties are accounted for in the margin.[1]

---

1. Appellees are George Shelby Sanderson, Janet Leigh Jones and Marshall Lin Jones by their next friend Marshall Jones, Susan Arin Jones and Wilma Jean Myers. George Shelby Sanderson was a full brother to Glenn Sanderson. Glenn Sanderson died a single man and was not survived by his mother or father.

Appellee's contention was that John Turner rose up against Glenn his brother and slew him with two shotgun blasts. John Turner was discovered the same day in his house, dead from a rifle shot that passed under the chin and through the head. Appellees claimed that John Turner, in a fit of remorse, took his own life.

Because John Turner's right to share in Glenn's estate was allegedly burdened by the primal curse, appellees argued that equity should not permit title to pass to John Turner, his heirs, legatees or beneficiaries. Instead, appellees contended that the court should impress upon that share a constructive trust for the benefit of the other heirs of Glenn Sanderson, namely themselves.

The court's charge contained four special issues. The jury answered the initial issue that on January 23, 1976, John Turner wrongfully shot and killed Glenn. By their answers to the other issues the jury refused to find compensatory damages and refused to assess exemplary damages. Appellees filed no cross-points challenging the jury's refusal to find damages.

The district court's judgment imposed a constructive trust upon the estate of Glenn to the extent of the interest that passed to John Turner ". . . and/or his heirs at law and next of kin . . . ." The judgment further directed Glennetta Sanderson, individually and in her capacity as independent executrix of the estate of John Turner, and her children to convey to appellees and Wilma Lou Smith their interest in the estate of Glenn.

Appellants attack the judgment by several points of error. Three points attack the factual cornerstone of the judgment, the jury's finding that John Turner killed his brother. Appellants claim that the finding is supported by no evidence or, alternatively, by insufficient evidence.

By entry of the judgment the district court necessarily must have concluded that

because neither the slayer nor his heirs, legatees, or beneficiaries might profit by fratricide, a constructive trust should be imposed upon their interest in the estate of the fallen brother. Should there be no support or insufficient support in the evidence for the jury's finding, the judgment must fall without regard to the law questions concerning the imposition of the constructive trust.

In considering a "no evidence" point, the reviewing court must reject all evidence contrary to the jury's finding and consider only the facts and circumstances that tend to support those findings. *Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609 (1950); *Cartwright v. Canode,* 106 Tex. 502, 171 S.W. 696 (1914). In reviewing factual sufficiency points of error, the court considers all of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex. 1951).

The district court included the following instruction in the charge: "A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by witnesses who saw the act done or heard the words spoken or by documentary evidence. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved." There was no objection to the instruction.

The body of Glenn Sanderson was found face-down in his field alongside a line of open post holes during the late afternoon of January 23, 1976. The scalp, skull, and brain exhibited massive injuries caused by two shotgun blasts. Two shotgun shells and wadding were found at the scene of the shooting. There was testimony that the second blast was made at close range. There was no direct evidence as to the identity of the assassin.

---

Appellants are Glennetta Sanderson, individually and in her capacity as Independent Executrix of the Estate of John Turner Sanderson, Wilma Lou Smith, Sandra Kay Parks, and Thomas Arlin Sanderson. Glennetta Sander-

son was the wife of John Turner Sanderson, and Sandra Kay Parks and Thomas Arlin Sanderson are their children. Wilma Lou Smith was a full sister to John Turner Sanderson.

Earlier in the same afternoon, the corpse of John Turner Sanderson was discovered in the washroom of his house, lying on the right side with a rifle to the side. The entry point of the bullet was under the chin. There was gunpowder about the edges of the wound under the chin. The testimony was that the character of gunshot wound involved was consistent with suicide.

■ George Shelby Sanderson testified that John Turner and his brother Glenn ". . . did not get along all right." Harvey Reeves, a justice of the peace of San Saba County, testified that John Turner's son, Thomas, told him that his father and his uncle Glenn had disagreed recently and may have traded "a lick or two." Because Thomas was a party to the suit, his statement to the justice of the peace was admissible as an admission against interest, an exception to the hearsay rule. II McCormick and Ray, Evidence, § 1121 (2nd Ed., 1956).

Appellees attempted to prove that Glenn was slain with a shotgun owned by John Turner. Sheriff Brantley Barker testified that someone brought him a twelve gauge shotgun, said to have been found in John Turner's pickup truck. Barker did not identify who delivered the firearm to him.

The sheriff took the shotgun to a hardware store in San Saba where John Turner reportedly had taken his shotgun for repairs in the past. The sheriff testified that the serial number of the shotgun in his possession corresponded with the serial number in the records of the hardware store. Appellees called no one from the hardware store to prove up the store records and to prove that in the past John Turner had brought in the shotgun for repairs.

Appellees proved that the shotgun, together with the shells and wadding found near Glenn Sanderson's corpse, was delivered by the sheriff to a Texas Ranger who took those items for testing to the Ballistics Crime Laboratory of the Department of Public Safety in Austin. After the usual tests and comparisons were made at the laboratory, the supervisor of the laboratory, Fred Reimer, testified that he was of the opinion the shells found near Glenn Sanderson's corpse were fired from the shotgun allegedly owned by John Turner Sanderson.

After the shotgun was returned from Austin to San Saba, the sheriff testified that he "gave it to the family." As to the identity of the recipient of the shotgun the sheriff testified only that, "I'm not sure which one [of the Sandersons] but it was some of the family that pickup (sic) them up."

One problem with appellees' proof is that the sheriff's testimony concerning the discovery of the shotgun in John Turner's pickup truck is hearsay evidence of no probative force or effect. Also hearsay is the sheriff's evidence that John Turner had previously taken his shotgun to the hardware store for repairs. An employee of the store could have been called to prove up that fact and also prove up the records showing the serial number of the weapon repaired. No objection was made to the admission of the hearsay evidence, but none was necessary since hearsay evidence is without probative value whether objected to or not. *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959); *Henry v. Phillips,* 105 Tex. 459, 151 S.W. 533 (Tex.1912); *Knapik v. Edison Bros., Inc.,* 313 S.W.2d 335 (Tex.Civ.App.1958, writ ref'd).

Because there was no probative evidence that the shotgun submitted for testing at the ballistics laboratory was owned by John Turner, the opinions of Fred Reimer were of no probative value in connecting John Turner with the slaying.

Texas Ranger Bob Favor was permitted to testify without objection that based upon his "investigation" he was of the opinion that ". . . Ivan Glenn Sanderson met his death at the hands of John Turner Sanderson." Likewise, Sheriff Barker testified without objection that premised upon his investigation he had formed the opinion that the death of Glenn Sanderson was caused by a gunshot wound from a shotgun owned by John Turner Sanderson.

Appellants urge that we give no effect to Favor's and Barker's opinion evidence in our review of the record because unsupported conclusions of a witness do not constitute evidence of probative force and will not support a jury finding even when admitted without objection. *Dallas Railway & Terminal Company v. Gossett,* 156 Tex. 252, 294 S.W.2d 377 (1956). We agree.

■ If appellants had objected, the witnesses' opinions would not have been admitted. Favor and Barker were not in any better position than were the jurors to draw inferences and conclusions from the facts presented. None of the admissible facts presented by Favor and Barker tended to prove that John Turner killed Glenn, and, accordingly, their opinions based upon these facts do not constitute probative evidence. See *Sinclair Oil & Gas Company v. Adams,* 392 S.W.2d 721 (Tex.Civ.App.1965, writ ref'd n. r. e.).

■ Considering only the evidence most favorable to the jury's finding and disregarding entirely what is opposed to it or is contradictory, *Renfro Drug Co. v. Lewis, supra,* we have concluded that the jury's answer was supported by the following evidence: Relations between John Turner and his brother Glenn were not amicable. In -fact, they had "traded licks" a few days before January 23, 1976. Both men were found dead on January 23, 1976. Glenn had been shot twice with a twelve gauge shotgun. The shotgun was given back to some member of the Sanderson family. John Turner was shot with his rifle under conditions consistent with suicide.

Although we acknowledge that the question poses some difficulty, we have concluded that the jury's answer that John Turner killed his brother is at least supported by some evidence. Accordingly, appellants' "no evidence" point of error is overruled.

In considering the insufficient point of error this Court has reviewed the entire record, *In Re King's Estate, supra,* and this Court is of the opinion that the evidence is insufficient to support that answer. Appellants' "insufficient evidence" point of error is granted.

Appellees filed no cross-points with respect to the failure of the jury to answer favorably the special issues submitting damages pursuant to their wrongful death theory. Accordingly, that part of the judgment was not appealed to this Court and, of course, is now final. The judgment imposing the constructive trust is reversed and the cause is remanded for new trial.