Jeff MOREHOUSE, Appellant,

v.

Mike BRINK, Appellee.

No. 2699cv.

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1982.

Rehearing Denied Jan. 20, 1983.

Thomas H. Crofts, Jr., Groce Locke & Hebdon, San Antonio, for appellant.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

Before NYE, C.J., and UTTER, and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from an order overruling a plea of privilege. Appellee Mike Brink filed suit in Nueces County against George Taylor, Alan Brown and appellant Jeff Morehouse, alleging they conspired to have an assault and battery committed upon him. Appellant filed his plea of privilege to have the action against him transferred to Bexar County, his county of residence. Appellee Brink filed a controverting plea, asserting that venue is proper in Nueces County under Tex.Civ.Stat.Ann. art. 1995, subds. 4 and 9 (Vernon 1964). After a hearing to the court, the plea was overruled.

To maintain venue under subdivision 4, the plaintiff must: 1) allege a joint cause of action against the defendants or a cause of action against the resident defendant that is so intimately connected with the non-resident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits; 2) prove that one defendant resides in the county where the suit is filed; and 3) prove that he has a cause of action against such resident defendant. *Stockyards Nat'l Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300, (1936); *Oxford Development Co. v. Eppes,* 422 S.W.2d 583, 584 (Tex.Civ.App.—Corpus Christi 1967, no writ). It is not disputed that appellee has alleged a joint cause of action. Appellant admits there is sufficient proof that co-defendant Taylor is a resident of the county in which the suit was brought. However, appellant challenges the factual and legal sufficiency of the evidence to prove a cause of action against Taylor.

Because no findings of fact or conclusions of law were requested or filed, we presume the trial court resolved every issue of fact in the appellee's favor and affirm the judgment if any theory finds adequate support in the evidence. *Seaman v. Seaman,* 425 S.W.2d 339 (Tex.1968); *Rubenstein Foods, Inc. v. Winter Garden, Inc.,* 589 S.W.2d 511, 513 (Tex.Civ.App.—Corpus Christi 1979, no writ). Citing the *Rubenstein* case, appellee seeks to further limit the scope of our inquiry to the determination of whether there is any evidence in the record to support the judgment, viewing the evidence in the light most favorable to the implied findings and disregarding all evidence and inferences to the contrary; i.e., the standard of review for "legal sufficiency." See *In re King's Estate,* 244 S.W.2d 660 (Tex.1951). In contrast, in reviewing for factual sufficiency, we look at all the evidence in the record to determine if the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). The requesting or filing of findings of fact have never been prerequisites for questioning the factual sufficiency of the evidence on appeal. *Burnett v. Motyka,* 610 S.W.2d 735, 736 (Tex.1980); see also *Jim Walter Homes v. Mora,* 622 S.W.2d 878 (Tex.Civ.App.—Corpus Christi 1981, no writ).

Although we stated the "no evidence" standard in proximity to our pronouncement of the rule regarding the lack of fact findings in *Rubenstein,* we also employed the "insufficient evidence" standard and, indeed, disposed of the case in the manner consistent with such a determination. See *Rubenstein Foods, Inc. v. Winter Garden, Inc., supra,* at 514. Accordingly, we will review the evidence for both legal and factual sufficiency. This is not inconsistent with the rule that in venue cases, every reasonable intendment must be resolved in favor of the trial court's judgment. *James v. Drye,* 159 Tex. 321, 320 S.W.2d 319 (1959).

A civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Schlumberger Well Surveying Corp. v. Nortex Oil and Gas Corp.,* 435 S.W.2d 854, 856 (Tex.1968); *Great National Life Insurance Co. v. Chapa,* 377 S.W.2d 632, 635 (Tex.1964). To show such a cause of action for conspiracy against the resident defendant Taylor, appellee must establish that Taylor combined (agreed, reached an understanding) with others to accomplish the unlawful purpose of assaulting the appellee. It is undisputed that the evidence shows that an assault and battery was committed upon the appellee. It is evidence of whether or not Taylor combined with others to commit the unlawful act that we are concerned with.

The most damaging evidence of Taylor's involvement was the deposition testimony of William Cross to the effect that Taylor had confessed to arranging the attack as a revenge for a prior altercation with the appellee Brink. It is uncontested that such testimony, although hearsay, is admissible against Taylor as an admission of a party-opponent. *Sanderson v. Sanderson,* 591 S.W.2d 623, 625 (Tex.Civ.App.—Austin

1979, writ ref'd n.r.e.); 1A R. Ray, *Law of Evidence,* § 1161 (Texas Practice, 3d ed. 1980). Appellee argues that the admissibility of the evidence against Taylor is all that is required.

■ Appellant, on the other hand, objects now, as he did at trial, that because Cross' testimony was hearsay as to him, it cannot be used to prove a venue fact against him. See *Bryant v. Kimmons,* 430 S.W.2d 73 (Tex.Civ.App.—Austin 1968, no writ) and *Rubenstein Foods, Inc. v. Winter Garden, Inc., supra,* at 513–14. See also *Big Mack Trucking Co., Inc. v. Dickerson,* 497 S.W.2d 283 (Tex.1973). In *Bryant,* it was held improper to use responses by the resident defendant to requests for admissions to show a cause of action against him in order to establish venue against a non-resident defendant. In *Rubenstein,* we agreed that a stipulation by the resident defendant as to his residency could not be used to prove venue against a co-defendant who was not party to the stipulation. The reasoning of *Bryant* and *Rubenstein* is applicable here. We hold that venue facts, including the existence of a cause of action against a co-defendant, must be proved by evidence admissible against the defendant asserting the privilege. Therefore, Taylor's admission that was testified to by Cross was hearsay and not admissible as to appellant.

■ Additional testimony was received in the form of depositions on both written and oral questions propounded to the actual assailants, Kenneth Walters and Harold Lee. Appellant objects to this evidence on the ground that the oral depositions were taken before he was joined as a defendant. The general rule is that depositions are inadmissible in evidence against one not a party to the suit at the time the deposition was taken. *Academy Welding v. Carnes,* 535 S.W.2d 917 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931 (Tex.Civ.App.—Corpus Christi 1971, no writ). The rule is based on supposition that the adverse party must be afforded an opportunity to cross-examine the deposed witness before that witness' testimony may be used against

him. However, the right of cross-examination can be waived and with it is waived the right to object to the admission of such testimony. See *Academy Welding v. Carnes, supra,* (see dissenting opinion by Nye, C.J. at 920–921) and *Elizondo v. Taverez,* 596 S.W.2d 667, 670, 671 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.). In this case, after the appellant was joined in the lawsuit, appellee redeposed Walters and Lee, albeit on written questions, asking for and receiving a ratification of their earlier oral deposition testimony. Appellant received timely notice and opportunity to propound cross-questions. In possession of the full transcripts of the oral depositions, and with the opportunity to cross-examine by written questions, or move to proceed orally, appellant did nothing. Under the circumstances, we hold that the appellant waived the opportunity to cross-examine and, thus, forfeited his right to complain of the admission of the ratified deposition testimony.

■ The testimony of Walters and Lee established the fact of the physical attack on appellee and directly implicated co-defendant Brown and a man named Ben Boyd Smith in the scheme. Both Walters and Lee identified Brown as the person who recruited them, and Smith as the individual who actually hired them, provided the name and whereabouts of the intended victim and transported them to the place of the assault. Lee further testified that Brown identified Taylor as the man for whom the assault was arranged. However, regardless of its possible admissibility against Brown and Taylor, this testimony was hearsay as to appellant Morehouse.

Mary Badger, testifying through deposition, identified Smith as a visitor to the Las Brisas Condominiums in Corpus Christi in mid-May 1980, who attempted to gain access to an apartment owned by Taylor. She said she refused him a key, gave him the telephone number of Taylor's secretary and observed him using a public telephone. The only other evidence linking Taylor to any other defendant, the assailants or Smith were a number of telephone calls on April

22 and 23, and May 15, 1980, between phones belonging to Taylor, Smith or his wife, and appellant Morehouse, the existence of which was stipulated into the record. The nature of the conversations was not disclosed.

The only testimony concerning appellant's involvement in this affair came from the Cross and Lee depositions and this was clearly hearsay. Cross said that he thought Taylor told him that Morehouse was the one with whom he initially discussed the idea of getting revenge on our appellee. Lee stated that Brown mentioned Morehouse as the man through whom Taylor had hired Smith. We think of no hearsay exception applicable to this testimony, and none has been cited to us. We are left with only the stipulation as to the phone caller between numbers registered to Morehouse and numbers registered to other principals in the affair. This circumstantial evidence is insufficient. Examining the entire record under the standards heretofore announced, we are unable to conclude that the evidence is sufficient to sustain the trial court's order overruling the plea of privilege.

We are of the opinion that the case was not fully developed and the ends of justice would be better served by remanding the case for fuller development of the facts. See *Jackson v. Hall,* 147 Tex. 245, 214 S.W.2d 458 (1948); *Rubenstein Foods, Inc. v. Winter Garden, Inc.,* supra; *Tijerina v. Nerio,* 497 S.W.2d 72 (Tex.Civ.App.—Corpus Christi 1973, no writ). Accordingly, the judgment of the trial court is reversed, and the cause remanded for a new hearing on Morehouse's plea of privilege.